UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                Plaintiff,

v.                                              Case No. 3:15-cv-240

AETNA HEALTH AND LIFE INSURANCE
COMPANY and AETNA HEALTH
INSURANCE COMPANY,

                Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company (collectively "Aetna"), by and through its undersigned counsel, hereby remove the state court action described in Paragraphs 1-2 below by filing this Notice of Removal with the Clerk of the United States District Court for the Western District of Wisconsin. Removal to this Court is based on the existence of federal question jurisdiction under 28 U.S.C. § 1331. In support of this Notice of Removal, Aetna states as follows:

### THE STATE COURT ACTION

1. On or about March 16, 2015, Plaintiff University of Wisconsin Hospital and Clinics Authority filed its Amended Complaint against Aetna in the Circuit Court in Dane County, Wisconsin (the "State Court Action").

2. Aetna was served notice of the Amended Complaint on March 23, 2015. Aetna was not served with any prior pleadings in the State Court Action. As required by 28 U.S.C. § 1446(a),

true and correct copies of the Amended Summons, Amended Complaint, Summons, and Complaint served upon Aetna in the State Court Action are filed herewith as **Exhibit 1**.

3.  If any question arises as to the propriety of the removal of the State Court Action, Aetna requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

4.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, 7) failure to join an indispensable party(ies ), or 8) any other procedural or substantive defense available under state or federal law.

## **VENUE**

5.  This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending.  Thus, it is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

## **JURISDICTION**

6.  The State Court Action may be removed to this Court by Aetna under 28 U.S.C §§ 1441(a) and 1446 because it is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1331 based on the case arising under the laws of the United States.

7.  Plaintiff's five-count Amended Complaint alleges claims for Breach of Contract, Breach of Contract Implied in Fact, Quasi Contract and Unjust Enrichment, Breach of Implied Covenant of Good Faith, and Interest Under Wis. Stat. § 628.46.  *See* **Exhibit 1**.  Plaintiff's claims are based on its assertion that it is entitled to payments for treatment rendered to patient C.A.

pursuant to the contract between C.A. and Aetna because it is a "third-party beneficiary of the contract of insurance between [Aetna] and [C.A.]." Am. Compl. ¶ 5.

8. C.A. is insured through Safelite Group under the Employee Retirement Income Security Act of 1974 ("ERISA"). A true and correct copy of the benefit booklet for Safelite Group is attached as **Exhibit 2**.

9. The complete-preemption doctrine is a recognized exception to the well-pleaded complaint rule. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). "This jurisdictional doctrine provides that 'to the extent Congress has displaced a plaintiff's state law claim, that intent informs the well-pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law.'" *Id* (quoting *Rice v. Panchal*, 65 F.3d 637, 640 n.2 (7th Cir. 1996)).

10. ERISA § 502(a) provides a cause of action by a beneficiary "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

11. State law claims within the scope of § 502(a) of ERISA are completely preempted, and therefore, are removable to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). "The preemptive force of ERISA is so powerful that it converts 'a state claim into an action arising federal law,' even if the plaintiff does not want relief under ERISA ." *Jass*, 88 F.3d at 1490 (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. at 64).

12. Plaintiff's state law claims are brought as a beneficiary seeking to recover benefits it alleges are due under the terms of the insurance plan and to enforce its rights under the terms of the insurance plan.

13. As such, complete preemption operates to confer federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd Cir. 1999).

14. Based on the facts set forth above, which were true at the time the Amended Complaint was filed and remain true as the date of filing of this Notice of Removal, this action is governed by ERISA and therefore properly removed to this Court under 28 U.S.C. § 1441(b).

## FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed, having been filed within thirty (30) days after Aetna's receipt of Exhibit 1.

16. This Notice of Removal is signed by counsel for Aetna pursuant to Federal Rule of Civil Procedure 11.

17. Aetna is filing a copy of this Notice of Removal with the Court in Dane County, Wisconsin pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is filed herewith as **Exhibit 3**.

18. Written notice of the filing of this Notice of Removal has been provided to Plaintiff on this date, pursuant to 28 U.S.C. 1446(d).

19. All Defendants have consented to the removal of the State-Court Action.

20. Based on the foregoing, this Court has jurisdiction over this matter and the relief sought herein.

21. Aetna expressly reserves its right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court and further requests the opportunity to submit any additional argument or evidence in support of removal as may be necessary if Plaintiff seeks to remand this matter.

WHEREFORE, Aetna hereby removes the State Court Action from the Circuit Court in Dane County, Wisconsin to the United States District Court for the Western District of Wisconsin and respectfully requests that this action proceed in this Court.

DATED:  April 22, 2015.

**Attorneys for Defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company**

 /s/ Todd G. Smith

**MCGUIREWOODS LLP**
Jeffrey C. Clark
jclark@mcguirewoods.com
Brett W. Barnett
bbarnett@mcguirewoods.com
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
P: 312-849-8123
F: 312-698-4543

and

**GODFREY & KAHN S.C.**

Todd G. Smith
tsmith@gklaw.com
One East Main Street
Suite 500
Madison, WI 53701-2719
P: 608-284-2653
F: 608-257-0609

13509391.1