IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN
HOSPITALS AND CLINICS AUTHORITY,

                      Plaintiff,                  OPINION & ORDER

   v.                                                         15-cv-240-wmc

AETNA HEALTH & LIFE INSURANCE
COMPANY and AETNA HEALTH
INSURANCE COMPANY,

                      Defendants.

---

In this civil action, plaintiff University of Wisconsin Hospitals and Clinics Authority ("UWHCA") asserts breach of contract and related claims against defendants Aetna Health & Life Insurance Company and Aetna Health Insurance Company for denying a claim to payment for medical services provided to defendants' insured. Defendants properly removed this action from state court on the basis of exclusive federal question jurisdiction, 28 U.S.C. § 1331, asserting that plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Not. of Removal (dkt. #1) ¶¶ 6, 11-14.)[1] Before the court is defendants' subsequent motion to dismiss on the grounds that plaintiff's claims fail as a

---

[1] As recently noted by this court, there has been a spate of removals of ERISA actions for collection of health insurance benefits, all because UWHCA continues to file these actions in state court. Already the subject of one sanction order, UWHCA is again put on notice that the repeated and reckless, if not now willful, disregard of this court's obvious, exclusive jurisdiction over ERISA actions is subject to sanction. *See Univ. of Wis. Hospitals & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 15-cv-280-bbc, 2015 WL 5123712 (W.D. Wis. Sept. 1, 2015); *see also id.*, slip op. (W.D. Wis. Sept. 22, 2015) (dkt. #22).

matter of law because of an anti-assignment provision in the ERISA plan at issue. (Dkt. #4.) The court agrees with defendants and, therefore, will grant defendants' motion.

ALLEGATIONS OF FACT[2]

A. The Parties

Plaintiff University of Wisconsin Hospitals and Clinics Authority is a public entity created by the State of Wisconsin. UWHCA operates a hospital in Dane County where Chandra Aschenbrener received medical treatment.

Defendants Aetna Health & Life Insurance Company and Aetna Health Insurance Company (collectively "Aetna") are corporations that provide health insurance coverage and engage in other insurance-related business.

B. The Policy[3]

Chandra Aschenbrener is a policy holder of a contract for health insurance with Aetna under an ERISA plan issued by Safelite Group. This policy contains an anti-

---

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all of the factual allegations in the amended complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

[3] While the court refers to "the policy" just as it is in the complaint, *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), defendants attached the 2014 plan to their original motion to dismiss instead of the 2013 plan, which as plaintiff points out in its opposition, governs defendants' denial of payment. (Pl.'s Opp'n (dkt. #6) 5.) In reply, defendants attach the correct 2013 plan document. (Defs.' Reply, Ex. 1 (dkt. #9-1).) The court would normally provide plaintiff a chance to respond to documents attached for the first time to a reply brief, but cannot conceive of any legitimate challenge to the court's consideration of the applicable 2013 plan document as a legitimate and necessary amendment to the original complaint. If the court is somehow mistaken, plaintiff may and should raise such a challenge in a motion for reconsideration.

assignment clause in the General Provisions section of the Benefit Plan documents, which states in material part that: "coverage and your rights under this Aetna medical benefits plan *may not be assigned*. A direction to pay a provider is not an assignment of any right under this plan or of any legal or equitable right to institute any court proceeding". (Defs.' Reply, Ex. 1 (dkt. #9-1) p.70 (emphasis added).) The plan also states that "Aetna has the right to pay any health benefits to the service provider," which the plan describes as the "default" method of payment that will occur unless a policy holder specifies otherwise. (*Id.* at p.74.)

### C. Defendants' Denial of Plaintiff's Claim Under the Policy

On January 11, 2013, Aschenbrener went to plaintiff's hospital to receive treatment for a medical condition. Aschenbrener had received ongoing care for this medical condition since 2012. On January 18, 2013, plaintiff submitted Aschenbrener's bill for $16,893.67 worth of medical charges for the treatment to defendants for payment.

Defendants denied plaintiff's claim and declined to pay the bill because of a timeliness issue of the pre-certification or authorization for the type of treatment. Plaintiff subsequently submitted several appeals with Aetna, all of which were unsuccessful.

3

OPINION

Plaintiff filed claims against defendants in the Wisconsin Circuit Court of Dane County for state law claims of (1) breach of contract, (2) breach of contract implied in fact, (3) quasi contract and unjust enrichment, (4) breach of implied covenant of good faith, and (5) interest under Wis. Stat. § 628.46. Defendants removed the suit on the basis of this court's federal question jurisdiction. 28 U.S.C. § 1331.

In the notice of removal and again in the motion to dismiss, defendants contend that plaintiff's state law claims are completely preempted by ERISA. (Defs.' Br. (dkt. #5) 2-4 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).) In its response, plaintiff concedes this point, while arguing that its claims should go forward under ERISA. (Pl.'s Opp'n (dkt. #6) 4.) *See also McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005) (instructing district courts to consider "whether relief is possible under any set of facts that could be established consistent with the allegations," rather than "whether the complaint points to the appropriate statute").

In its pending motion, however, defendants also seek dismissal of plaintiff's remaining ERISA claim on the basis that while a health care provider may recover under ERISA as an assignee, the plan in question contains a clear, unambiguous and enforceable anti-assignment clause. Plaintiff argues that because the Policy reserves the right to pay any health benefits to the service provider directly, "beneficiary status" has been conferred on UWHCA, allowing its claim to proceed.

ERISA was enacted to protect the interests of participants in employee benefit plans, as well as provide remedies to recover for benefits. *Davila*, 542 U.S. at 208.

4

Courts are to strictly enforce the terms of ERISA plans where possible. *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991); *see also Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) (holding that claims for health care benefits are assignable, but only if the ERISA plan permits assignment).

In *Kennedy,* a chiropractor filed suit against the insurance company of one of his patients because the insurance company refused to pay the invoices, ostensibly because of suspicions that the chiropractor was waiving co-pays and recouping that waived payment by charging more to the insurance company. 924 F.2d at 699. The insurance company argued that ERISA does not allow health care providers to sue insurance companies directly, because only a "'participant' in a plan or 'beneficiary' is entitled to file suit to collect." *Id.* (quoting 29 U.S.C. § 1132(a)(1)(B)).

The Seventh Circuit agreed, holding in *Kennedy* that a beneficiary is a person "'designated by a participant . . . who is or may become entitled to a benefit' under the plan" and in order for a beneficiary to collect a plan's benefits, the assignment by a participant to the beneficiary must comport with the insurance plan. 924 F.2d at 700. In light of the plan language at issue in that case, however, the Seventh Circuit further held that the *possibility* of direct payment between an insurance company and a hospital provider "is enough to establish subject-matter jurisdiction," since the latter only depends on an arguable claim at the outset of the lawsuit, not on an actual recovery or even on the likelihood of a recovery. *Id.* at 700-01. At the same time, the Seventh Circuit cautioned that subject matter jurisdiction will not lie if the language of the plan is "so clear that any claim as an assignee must be frivolous." *Id*. at 700.

5

Following *Kennedy*, there has been a split in the treatment of anti-assignment provisions by district courts in the Seventh Circuit, as well as within districts. Some courts have held that the existence of an anti-assignment provision undercuts jurisdiction, even if direct payments to an insurance carrier is allowed in the plan. For example, in *OSF Healthcare System v. Weatherford*, No. 10-1400, 2012 WL 996900 (C.D. Ill. Mar. 23, 2012), the plaintiff provided medical services to an eligible beneficiary under the ERISA plan. *Id.* at *3. Because that plan contained an unambiguous anti-assignment clause, the court concluded the plan's express "retention of discretion [to pay the health care provider directly] creates no ambiguity" to permit the finding of even an arguable claim for subject matter jurisdiction purposes. *Id.* at *4-6. Similarly, in *DeBartolo v. Blue Cross/Blue Shield of Illinois*, No. 01 C 5940, 2001 WL 1403012 (N.D. Ill. Nov. 9, 2001), the plaintiff was a physician who had filed claims with the defendant insurance company despite the plan's anti-assignment clause. *Id.* at *1. The court held that "a health care provider's right to recover under ERISA as an assignee . . . depends on . . . a valid, enforceable assignment agreement," which cannot exist if the plan contains an unambiguous anti-assignment clause. *Id.* at *5. As a result, the court found the plaintiff-physician lacked standing to sue Blue Cross/Blue Shield under ERISA.

In contrast, plaintiff points to *DeBartolo v. Plano Molding Co.*, No. 01 C 8147, 2002 WL 1160160 (N.D. Ill. May 29, 2002). In that case, the defendant again claimed the plaintiff (who happened to be the same Dr. DeBartolo as in the 2001 case discussed above) had no standing to sue under an assignment of rights because of a similar, anti-assignment clause in the ERISA plan. Unlike the 2001 case, however, this time a

6

different judge of the Northern District of Illinois held that the "possibility of direct payment in a health benefits plan is enough to establish subject-matter jurisdiction, *notwithstanding an anti-assignment clause*." *Id.* at *1 (citing *Kennedy*, 924 F.2d at 700) (emphasis added). So, too, in *Hospital Group of Illinois, Inc. v. Community Mutual Insurance Company*, No. 94 C 1351, 1994 WL 714598 (N.D. Ill. Dec. 21, 1994), the plaintiff hospital had provided care to a policy holder of the defendant. *Id.* at *1. Despite the fact that the defendant's insurance plan included an anti-assignment clause, the court noted that the plan language at least allowed for the *possibility* of direct payments by the plan's insurer to the hospital, giving plaintiff an "arguable claim" to recovery. *Id.* at *2. Because the court found this possibility enough to establish plaintiff's standing, the defendant's motion to dismiss was denied. *Id.* at *3.

Arguably, *each* of the cases finding the exercise of jurisdiction appropriate is distinguishable due to narrower language in their respective anti-assignment provision, but the nuances are subtle at best. Regardless of whether the cases plaintiff relies upon are distinguishable, this court finds defendants' position to be better reasoned, consistent with the most persuasive district court opinions since *Kennedy*, and more importantly, more consistent with the Seventh Circuit's holding in *Kennedy*. Not only did the plan in *Kennedy not* contain an anti-assignment provision, the plan "allow[ed] an assignment to a provider," albeit with the consent of the insurance company. 924 F.3d at 700. While the insurance company in *Kennedy* represented that it withheld consent, the court concluded that the issue of whether assent was properly withheld went to the merits of its claim rather than its standing to sue. *Id.* at 701.

7

In the nearly twenty-five years since *Kennedy*, the Seventh Circuit appears to have never again addressed the impact of an anti-assignment provision governed by ERISA like that at issue here. In the face of continued congressional silence on this question, however, other circuits have overwhelmingly held that anti-assignment clauses in ERISA employee welfare benefit plans are enforceable, and therefore medical provider plaintiffs lack standing to pursue payment as "beneficiaries." *See, e.g.*, *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) (holding that "an assignment is ineffectual if the plan contains an unambiguous anti-assignment") (citing cases from the First, Ninth and Tenth Circuits in support); *Letourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 353 (5th Cir. 2002) (holding that plaintiff lacked standing under ERISA because anti assignment clause was enforceable).[4]

Here, the only parties to the insurance contract are Chandra Aschenbrener, the policy holder, and Aetna, the insurance companies. In order for UWHCA to become a beneficiary, Aschenbrener must designate it as such. The plan, however, specifies unambiguously that the benefit rights *may not* be assigned to another party with respect to a broad array of interests, including the right to bring legal action. The plan also expressly states that a direction to pay a provider, directly or otherwise, is *not* an assignment of any right *and* that a direction to pay does *not* extend to a provider any legal

---

[4] Even in the Sixth Circuit, which allows for the possibility of overriding an unambiguous anti-assignment clause, plaintiffs must meet the high bar of showing that they have reasonably relied on a material misrepresentation by the plan. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010); *see also City of Hope Nat'l Med. Ctr. V. Healthplus, Inc.*, 156 F.3d 22, 229 (1st Cir. 1998) (requiring "definite misrepresentation of fact about a wiliness to pay for medical services" to establish an estoppel claim) (internal quotation marks omitted).

right to initiate court proceedings. (Defs.' Reply, Ex. 1 (dkt. #9-1) p.70.) Therefore, the language of the insurance plan here is "so clear that any claim [by UWHCA] as an assignee . . . [is] frivolous." *Kennedy*, 924 F.2d at 700. Accordingly, the court will grant defendants' motion to dismiss.

While dictated by case law, the court acknowledges that this outcome would appear unfortunate from a pure policy perspective. Health care providers, particularly large hospitals like plaintiff here, are far better equipped to hold insurance companies accountable for payment of covered medical treatment than the typical ERISA beneficiary, which would appear the most beneficial outcome in the long run (especially if repeated failures to pay begins to undermine the health providers willingness to afford care for fear of non-payment). Still, there may be other legal options available to UWHCA. For example, plaintiff might name its patient as an involuntary plaintiff, or otherwise facilitate a lawsuit in its patient's name. To the extent UWHCA contracts with insurance companies like Aetna for coverage of payments, perhaps *that* contract could also serve as a basis for a state law claim. Finally, if these legal routes are closed to health care providers, state legislative options still exist to curtail the use of anti-assignment provisions to bar otherwise legitimate health care claims. *See La. Health Serv. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 530 (5th Cir. 2006) (holding that a state statute that "requires insurance companies to honor all assignments of benefit claims made by patients to hospitals" was not preempted by ERISA); *see also Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 885 (7th Cir. 2015) (holding that Illinois insurance law which "prohibits provisions purporting to reserve discretion to insurers to interpret

9

health and disability insurance policies" is not preempted by ERISA and therefore enforceable against group employer-sponsored insurance plan). Under current federal and Wisconsin state law, however, UWHCA lacks standing to pursue its claims as a beneficiary under ERISA.

ORDER

IT IS ORDERED that:

1) Defendants Aetna Health & Life Insurance Company and Aetna Health Insurance Company's motion to dismiss (dkt. #4) is GRANTED.

2) The clerk of court is directed to close this case.

Entered this 2nd day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge